IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ZACK JONES**,

       Plaintiff,

   v.

**TARGET CORPORATION**,

       Defendant.

Case No. 3:23-cv-1301-JR

**ORDER**

**Michael H. Simon, District Judge.**

      Plaintiff Zack Jones brings this case against his former employer Defendant Target Corporation, alleging state law claims arising from an alleged incident of sexual harassment that allegedly took place in the break room at a Target store. United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on November 17, 2023. Judge Russo recommended that this Court grant Defendant's motion to dismiss and give Plaintiff 30 days to file an amended complaint curing the defects identified by Judge Russo. Judge Russo also issued an Order on December 18, 2023, denying Plaintiff's motion to compel discovery, with leave to renew after this Court resolves the pending motion to dismiss and Plaintiff files his amended

PAGE 1 – ORDER

complaint. Plaintiff filed objections to both Judge Russo's Findings and Recommendation on Defendant's motion to dismiss[1] and Judge Russo's Order denying Plaintiff's motion to compel.

**A. Standards**

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly

---

[1] Plaintiff also filed a reply in support of his objections. Replies generally are not permitted for objections to a findings and recommendation absent court order. *See generally* Fed. R. Civ. P. 72(b)(2) (establishing the procedure for challenging a findings and recommendation and providing that a party may serve objections and the opposing party may serve a response to those objections, without providing that the original party may serve a reply). Because Defendant raised a new issue, Plaintiff's identity, and because the remaining substantive information in Plaintiff's reply was cumulative of his original objections, the Court grants Plaintiff permission to file his reply *nunc pro tunc*.

erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

## B. Discussion

### 1. Findings and Recommendation

Plaintiff provides new evidence with his objection. He submits the first page of a 45-page police report relating to his alleged sexual harassment incident and page 22 of that report, which is a photograph of the break room, marking a purported security video camera. He contends that this evidence supports the allegations in his complaint that Judge Russo concluded were factually deficient.

It is within this Court's discretion whether to accept new evidence submitted with objections. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence); *see also* 28 U.S.C. § 636(b)(1) (stating that the district court judge "may also receive further evidence"). The Court declines to consider

PAGE 3 – ORDER

this evidence, however, because evidence outside of the complaint is not admissible in considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, other than for exceptions not applicable here. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Defendant moves to dismiss Plaintiff's complaint on the basis that the allegations within the four corners of the complaint do not state sufficient facts to support his claims. Judge Russo explains in her Findings and Recommendation how the complaint does not contain *facts* sufficient to state any claim. Plaintiff argues in his objection that there are witnesses and other evidence such as the police report that will support his claims. That may be true. But Plaintiff must allege enough facts within the four corners of his complaint to state a claim. For example, as Judge Russo describes, Plaintiff does not allege any description of the alleged sexual harassment incident to show that it was sufficiently severe to qualify as a single event hostile work environment. As Judge Russo explained, the fact that a police report, witnesses, video, or other evidence may *exist* to prove Plaintiff's claim is not enough to meet the requirement in Rule 8 of the Federal Rules of Civil Procedure that he state a claim *in his complaint*.

Plaintiff objects that with the magnitude of documentation to support his claims they should be allowed to trial and not dismissed. Plaintiff, however, is being granted leave to amend his complaint. He can add facts from the police report and otherwise known to him to support his claims in his amended complaint. He can attach the police report as an exhibit to his amended complaint. Plaintiff's objections are overruled and the Court adopts Judge Russo's Findings and Recommendation.

### 2. Discovery Order

Judge Russo denied Plaintiff's motion to compel discovery until the final resolution of Defendant's motion to dismiss and until Plaintiff had filed a "dispositive complaint." ECF 19. Plaintiff objects that he needs discovery to obtain more information in order properly to respond to the motion to dismiss, by which the Court construes Plaintiff means in order to cure the deficiencies identified by Judge Russo. That, however, is not how discovery works. First, a complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Then, a plaintiff may obtain discovery to prove his claims.

Plaintiff has his own personal knowledge about the alleged events that he may add to his amended complaint to attempt to cure the deficiencies. He can describe the alleged harassing event. He can add any facts within his knowledge about the spoliation of the video. He can attach the police report if he believes it contains information that will support his claim. His desire for more evidence to support his claims is legally unsound and fails to show that Judge Russo clearly erred. The Court overrules this objection and affirms Judge Russo's Order.

### 3. Identity Issue

Defendant raises a concern that Plaintiff's legal name may not be Zack Jones and that he may be bringing additional lawsuits under the name Muhammed Soyege. Rule 17 of the Federal Rules of Civil Procedure requires that the real party in interest participate in the litigation. "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (quotation marks omitted). In an unusual case, a court must "consider whether pseudonymity is necessary to protect a person from injury or

PAGE 5 – ORDER

harassment" and then "balance the need for anonymity against the general presumption that parties' identities are public information." *Id.* (quotation marks omitted).

Plaintiff has not moved to proceed under a pseudonym nor addressed the balancing test. Thus, he is required to proceed under his legal name. Plaintiff responds that he is "the same individual consistently identified as Zack Jones," without stating that Zack Jones is his legal name. If Plaintiff files an amended complaint, the Court hereby directs him to file the complaint under his legal name if it is not Zack Jones. If he files the amended complaint in the name of Zack Jones, he must include a statement declaring under penalty of perjury that Zack Jones is his legal name. If Zack Jones is not his legal name and he wishes to continue litigating in that name, he must file a motion to proceed under a pseudonym explaining why extraordinary circumstances exist supporting such relief.

## C.  Conclusion

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 13. The Court GRANTS Defendant's Motion to Dismiss, ECF 7. Plaintiff may file an amended complaint by January 26, 2024, if he believes he can cure the deficiencies identified by Judge Russo. The Court also AFFIRMS Judge Russo's Order, ECF 19, denying Plaintiff's Motion to Compel, ECF 18, with leave to renew after Plaintiff files his amended complaint.

**IT IS SO ORDERED.**

DATED this 28th day of December, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge