IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ZACK JONES**,

    Plaintiff,

v.

**TARGET CORPORATION**,

    Defendant.

Case No. 3:23-cv-1301-JR

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Zack Jones brings this case against his former employer Defendant Target Corporation, alleging federal and state law claims arising from an alleged incident of sexual harassment that allegedly took place in the break room at a Target store. United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on April 1, 2024. Judge Russo recommended that this Court grant in part and deny in part Defendant's motion to dismiss. Specifically, Judge Russo recommended denying the motion as to Plaintiff's sexual harassment claim and granting the motion as to all other claims and dismissing those claims without prejudice, although without leave to amend certain claims at this time. Judge Russo also noted that Plaintiff failed to follow this Court's instructions regarding filing a declaration under penalty

PAGE 1 – ORDER

of perjury stating that Zack Jones is his legal name or filing a motion to proceed under a pseudonym and ordered Plaintiff to comply with those instructions before either filing a Second Amended Complaint or proceeding with his sexual harassment claim on his First Amended Complaint. Neither party filed objections, although Plaintiff filed a declaration under penalty of perjury stating that his legal name is Zack Jones.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Russo's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Russo's Findings and Recommendation, ECF 40. The Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss, ECF 27. The Court dismisses without prejudice all claims except Plaintiff's claim for sexual harassment. Plaintiff may file a Second Amended Complaint by May 24, 2024, if he can cure the deficiencies identified by Judge Russo. Plaintiff may not, however, allege any claims in his Second Amended Complaint based on criminal statutes or allege his claim for intentional infliction of emotional distress for failure to prevent or investigate sexual harassment. Plaintiff also may not allege his evidentiary spoliation claim at this time because such claim is premature.

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge