IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZACK JONES**, | Case No. 3:23-cv-1301-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **TARGET CORPORATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Zack Jones brings this case against his former employer Defendant Target Corporation, alleging state law claims arising from an alleged incident of sexual harassment that allegedly took place in the break room at a Target store. During a hearing on July 16, 2024, United States Magistrate Judge Jolie A. Russo denied Plaintiff's motion to serve Defendant through email. Judge Russo explained three reasons for denying the motion. First, Plaintiff had been serving Defendant's counsel with discovery through email without first obtaining permission to serve documents in that manner.[1] Second, Plaintiff had only served one attorney when Defendant's counsel repeatedly had requested that two attorneys be included on any email

---

[1] Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure authorizes service by electronic means, such as email, if a party consents.

PAGE 1 – ORDER

service to Defendant. Finally, and as Judge Russo's characterized it, "perhaps most importantly," she was unaware of any rule or precedent that required a party to give express consent to service by email.

Plaintiff objects to Judge Russo's order. Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a nondispositive matter, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021).

Plaintiff first argues that his inability to *communicate* with defense counsel via email will significantly inhibit his ability to litigate this case. Judge Russo's order, however, does not prevent Plaintiff from emailing defense counsel. The order only prevents Plaintiff from *serving* pleadings and other documents required to be served (such as discovery requests and responses)

through email without the consent of defense counsel. Instead, Plaintiff must follow Rule 5 of the Federal Rules of Civil Procedure to serve those documents. Plaintiff remains free to email other communications to defense counsel.[2]

Plaintiff's only other argument is that he did copy both defense attorneys on emails after a few times of inadvertently leaving out one attorney early in his communication. This point, however, was not the sole reason, or even the most important reason, why Judge Russo denied Plaintiff's motion. The Court has considered Plaintiff's objections and does not find that Judge Russo's order is clearly erroneous or contrary to law.[3]

The Court OVERRULES Plaintiff's objections, ECF 71, to Judge Russo's order denying Plaintiff's motion for electronic service, ECF 69. Plaintiff must serve documents pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED this 21st day of August, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Plaintiff requested in his motion that the Court *order* defense counsel to communicate via email, asserting that defense counsel was insisting that the parties use regular mail. Defense counsel responded that they have no objection to communicating via email and that they have timely communicated via email. Judge Russo thus did not address this particular request by Plaintiff. That Judge Russo did not *require* the parties to use email as the only method of communication does not *prevent* Plaintiff from sending email.

[3] The Court recognizes that Plaintiff is out of the country for several months and may experience difficulties mailing discovery requests and responses. Defendant offered to have such discovery documents filed in the Court's electronic filing system, which then electronically serves Defendant. The Court is amenable to this solution during the time Plaintiff is out of the country, if service by mail is too challenging for Plaintiff. If Plaintiff prefers this solution, Plaintiff may file an unopposed motion requesting that under Local Rule 5-9(a) the Court temporarily order the parties to file discovery documents with the Court.

PAGE 3 – ORDER