IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZACK JONES**, | Case No. 3:23-cv-1301-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **TARGET CORPORATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

      Zack Jones, representing himself, brings this case against his former employer Target Corporation, alleging state law claims arising from an alleged incident of sexual harassment in the break room at a Target store. On July 16, 2024, United States Magistrate Judge Jolie A. Russo denied Plaintiff's sixth motion to compel and request for sanctions. ECF 69. On August 19, 2024, Judge Russo denied Plaintiff's seventh motion to compel and request for sanctions. ECF 79. Judge Russo noted that Plaintiff's first request for production (RFP) had been the subject of several previous motions to compel and that, as she stated on the record during July 16th hearing, Defendant adequately complied with its discovery obligations in responding to Plaintiff's first RFP. Judge Russo denied Plaintiff's seventh motion with respect to his first RFP and his second and third RFPs to the extent they were duplicative of his first RFP. Judge Russo then concluded that for any nonduplicative discovery requests in Plaintiff's second and third

PAGE 1 – ORDER

RFPs, Defendant's objections were well taken because those requests were overbroad, vague, harassing, or not proportional to the needs of this case. Judge Russo thus denied in full Plaintiff's motion seventh motion to compel. ECF 79

Plaintiff objects to this discovery order by Judge Russo. Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a nondispositive matter, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

This means a court reviews a magistrate judge's factual findings in such an order for clear error but legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021).

Plaintiff argues that Judge Russo accepted Defendant's assertions that it complied with its discovery obligations "without question" and Plaintiff does not believe Defendant to be accurately describing its discovery obligations and responses. Judge Russo previously ordered Defendant to produce responsive documents. *See* ECF 49, 55. Plaintiff filed a motion to compel.

PAGE 2 – ORDER

Defendant filed declarations regarding its production, *see* ECF 67, 68, and Judge Russo held a hearing on the matter, *see* ECF 69. Only then did Judge Russo conclude that Defendant adequately complied with its discovery obligations.

The crux of Plaintiff's objection is that Defendant has not produced video surveillance footage of the break room during the alleged incident. Defendant, however, has provided a declaration specifically addressing this request, with an Asset Protection Specialist stating under oath that the camera in the break room is and has always been a "dummy" camera and that there is no video footage of the break room during the alleged incident. ECF 68 at 2-3. Judge Russo specifically discussed this declaration and the severe consequences of lying under oath during the hearing on July 16, 2024. *See* ECF 80 at 15-16. Plaintiff's other objections, that he needs discovery regarding who is involved in retaining video footage and the video cameras, stems from his belief that video footage has been lost or destroyed. The Court concludes, however, that Judge Russo did not err in her determination that Defendant adequately demonstrated its compliance with its discovery obligations with respect to the requested video footage, and thus the other "discovery about discovery" requests were not proportional to the needs of the case.

The Court has considered Plaintiff's objections and does not find that Judge Russo's Order is clearly erroneous or contrary to law. The Court OVERRULES Plaintiff's objections, (ECF 82) to Judge Russo's Order (ECF 79), denying Plaintiff's seventh motion to compel and request for sanctions (ECF 73).

**IT IS SO ORDERED.**

DATED this 23rd day of September, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge