IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZACK JONES**, | Case No. 3:23-cv-1301-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **TARGET CORPORATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

    Zack Jones, representing himself, brings this case against Target Corporation ("Target"), his former employer, alleging state law claims arising from an alleged incident of sexual harassment in the breakroom at a Target store. U. S. Magistrate Judge Jolie A. Russo has denied Plaintiff's sixth, seventh, and eighth motions to compel and requests for sanctions. Plaintiff has objected to each denial. The Court overruled Plaintiff's objections to Judge Russo's denial of Plaintiff's sixth and seventh motions to compel. Before the Court is Plaintiff's objections to Judge Russo's denial of his eighth motion to compel. Also before the Court is Plaintiff's motion for leave to file an interlocutory appeal on the Court's Order overruling his objections to Judge Russo's denial of his seventh motion to compel.

**A. Plaintiff's Request for Leave to Seek Interlocutory Review**

"Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). A district court may certify an order for interlocutory appeal when the district court finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also ICTSI*, 22 F.4th at 1130.

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *Id.* (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). A court may find substantial ground for difference of opinion when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "For example, this prong is satisfied if 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *ICTSI*, 22 F.4th at 1130 (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). The district court need not, however, "await development of contradictory precedent before concluding that the question presents a substantial ground for difference of opinion." *Id.* at 1130-31 (cleaned up). "Finally, the 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *Id.* (quoting *In re Cement*, 673 F.2d at 1027).

PAGE 2 – ORDER

Plaintiff disagrees with Judge Russo's conclusion, which was affirmed by this Court, that Target has fulfilled its discovery obligations by complying with Judge Russo's discovery order dated June 6, 2024. Plaintiff contends that whether Target sufficiently has complied with its discovery obligations is a "controlling question of law," the resolution of which will materially advance this litigation. Plaintiff is mistaken. This issue is neither a question of law nor is it controlling. Plaintiff's proposed question for interlocutory appeal involves questions of fact, making it not a controlling question *of law*. *Doe v. Meta Platforms, Inc.*, 2024 WL 4375776, at *1 (N.D. Cal. Oct. 2, 2024) (denying certification under § 1292(b) in part because "[t]he question that Meta wants the Ninth Circuit to address is not a controlling question of law, but a mixed question of law and fact"). Nor is Plaintiff's disagreement with the Court's conclusion sufficient for there to be substantial ground for difference of opinion. *See e.g.*, *Miller v. Boilermaker-Blacksmith Nat'l Pension Tr.*, 2021 WL 2934590, at *7 (E.D. Wash. July 12, 2021) ("Miller's disagreement with the Court's ruling is insufficient to show that a 'substantial ground for difference of opinion' exists."); *see also Krabach v. King County*, 2023 WL 6377557, at *2 (W.D. Wash. Sept. 29, 2023) (concluding that denial of motion to compel was not controlling). The Court denies Plaintiff's motion for certification of interlocutory appeal.

### B. Plaintiff's Eighth Motion to Compel

Plaintiff objects to the denial of his Eighth Motion to Compel by Judge Russo. Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a nondispositive matter, the district judge may reject that determination only when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

This means a court reviews a magistrate judge's factual findings in such an order for clear error but reviews legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up).

The Court has reviewed Plaintiff's original document request, the transcript of the July 16, 2024 discovery conference before Judge Russo, Judge Russo's June 6, 2024 discovery order, Judge Russo's May 14, 2024 discovery order, and the motions to compel and objections and responses since the July discovery hearing. Based on this review, it appears that there may have been a misunderstanding regarding some of the discovery at issue, which may be the basis of the cycle of motions that have been occurring.

In response to Plaintiff's fifth motion to compel, Judge Russo ordered on May 14, 2024, that Target produce security camera video footage from within and outside the breakroom on May 26, 2023, from between 2 p.m. and 3 p.m. She also ordered that Target update its responses to Plaintiff's original requests for production, because Target's original responses raised objections based on the then-pending motion to dismiss, which was now resolved and allowed Plaintiff's sexual harassment claim to move forward. Judge Russo furthered ordered Target to "produce discovery that falls within the ambit of Fed. R. Civ. P. 26(b)." ECF 49.

On June 6, 2024, in response to Plaintiff's motion for clarification of the scope of her May 14, 2024 order, Judge Russo clarified that her order was not limited only to security video

footage (as asserted by Target), but to all of Plaintiff's original requests for production. She noted, however, that Plaintiff provided a proposed order that included many categories of documents not included in his requests for production, and thus not covered by her discovery order. She instructed that Plaintiff must serve those on Target as new discovery requests. She also identified interrogatories and depositions that were included in the purported document request proposed order. Judge Russo, however, commented with apparent approval that Plaintiff had consistently been seeking certain discovery from Target, including "video evidence related to the employee breakroom, names and contact information for employees present on-site on May 26, 2023, and correspondences surrounding the incident" and emphasized that Target "may not use plaintiff's pro se status as a shield to avoid making disclosures and producing evidence within the purview of Fed. R. Civ. P. 26(b)." ECF 55 at 6-7.

After Plaintiff filed another motion to compel (his sixth), Judge Russo held a discovery hearing. Target filed the declaration of an asset protection employee explaining that there was no security footage from the breakroom because it is a "dummy" camera. ECF 68. Target also filed a declaration of counsel providing a copy of Target's initial disclosures, which disclose six Target employees, but all have the same boiler plate disclosure regarding their relevant knowledge, with the exception of either having knowledge of "personnel" or "asset protection" policies, or both. ECF 69. Target did not disclose whether any of these employees were on site on the date of the alleged incident.

Several of Plaintiff's original document requests were, as noted by Judge Russo in her June 6th Order, inappropriate for a document request. These include requesting the name and contact information for categories of witnesses, such as employees working in the store that day, management employees employed by Target as of that day who managed the relevant store, and

asset protection personnel employed by that store as of that day. That type of request is appropriate for an interrogatory issued to Target, not a document request. Also, as pointed out by Judge Russo, requesting the depositions of certain personnel is not appropriate in a document request. Excluding those inappropriate requests, the remaining items that are the subject of Plaintiff's original document requests are: (1) security video footage from within and outside the breakroom; (2) any disks made of the breakroom security footage; and (3) a site inspection for Plaintiff of the breakroom and the asset protection room where security video cameras are monitored. In Target's supplemental response, it agreed to produce video footage from outside the breakroom from the day of the incident from 2-3 p.m., objected to allowing any site visit but invited Plaintiff to confer further about whether a site visit may be allowable under Rule 26(b), and stated that no video footage exists from within the breakroom or any disk of such footage.

As the Court previously held, it accepts Target's submission under oath that the camera in the breakroom is nonfunctioning and thus that there is no video footage or disk of video footage from the breakroom. The Court will not revisit that holding at this time, because a Target employee has submitted a statement to that effect under penalty of perjury. Target already has produced the video footage outside of the breakroom. That only leaves Plaintiff's requested site visit at issue for his first request for production.

At the July hearing, Judge Russo discussed with apparent approval that Plaintiff may engage in a site visit. A site visit is reasonable, particularly given Defendant's contention that the camera in the breakroom is a "dummy" camera. Plaintiff is entitled to inspect the functionality of the camera. At the July hearing, it appears the site visit may have been overlooked in the final determination. Judge Russo concluded that Target had complied with all of its discovery obligations even though Target objected to a site visit and only invited Plaintiff to confer further

about a site visit. In concluding that Target had fully complied with its discovery obligations, Judge Russo repeatedly relied on Target's counsel's purported statement "under penalty of perjury . . . [that Target] has fully and completely complied with this Court's June 6th order." ECF 80 at 9; *see also id.* at 14, 15. The Court, however, could not find such an averment in any of the declarations filed by Target's counsel between May 14, and July 16, 2024. *See* ECF 54, 64, 67. Further, even if Target's counsel made such a sworn statement, submitting good faith objections that also invited further conferral could fully comply with Judge Russo's order but still not resolve the issue about whether a site visit is appropriate under Rule 26(b) in this case.

The Court thus orders a site visit and instructs counsel for Target to work with Plaintiff in scheduling a site visit so that Plaintiff may inspect the breakroom and its camera. At this time the Court declines to order Plaintiff's requested inspection of the asset protection room, although without prejudice to Plaintiff to later file a motion explaining why inspection of the asset protection room is relevant and proportional to the needs of the case. For example, Plaintiff would need to explain why, if there is no working camera in the breakroom, inspecting where cameras are monitored is relevant and proportional.

The other items discussed by Plaintiff in his motion to compel are not related to his original document requests. These include items such as identifying employees that were working at the store on the day of the incident, which is not a proper document request, and inspecting the security camera system, which was not a request in Plaintiff's original document request. Plaintiff's Eighth Motion to Compel cites as its basis his original document request and Judge Russo's May and June orders, which are based on Plaintiff's first document request. Judge Russo denied Plaintiff's motion to compel documents responsive to his second and third

document requests on August 19, 2024, because those document requests were vague, overbroad, and not proportional. ECF 79. Thus, the Court does not consider them here.

The Court has carefully evaluated Plaintiff's claims that he "has been consistently denied essential discovery." The Court agrees that Plaintiff's site visit was overlooked in the analysis of his sixth motion to compel, thus necessitating Plaintiff's current motion to compel. Plaintiff has received sufficient guidance from Judge Russo and this Court regarding appropriate items for requests for production, and if he believes there are additional responsive materials that are proportional to the needs of this case, he may serve Target with a fourth document request or interrogatories that comply with the Federal Rules of Civil Procedure.

## C. Conclusion

The Court has considered Plaintiff's objections, ECF 101, to Judge Russo's Order, ECF 99, denying Plaintiff's Eighth Motion to Compel, ECF 96. The Court GRANTS Plaintiff's objections in part, and GRANTS IN PART Plaintiff's Eighth Motion to Compel, ECF 96. The Court compels Target to allow Plaintiff a site inspection of the subject breakroom and "dummy" camera at the Target located at 1555 N. Tomahawk Island Drive, Portland, Oregon, and DENIES Plaintiff's motion in all other respects. The Court DENIES Plaintiff's motion for certification for interlocutory appeal, ECF 97.

**IT IS SO ORDERED.**

DATED this 14th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
