IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZACK JONES**, | Case No. 3:23-cv-1301-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **TARGET CORPORATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

    Zack Jones, representing himself, brings this case against his former employer Target Corporation, alleging state law claims arising from an alleged incident of sexual harassment in the break room at a Target store. On January 13, 2025, United States Magistrate Judge Jolie A. Russo denied Plaintiff's motion to compel information requested in his second and third requests for production, denied Plaintiff's motion to compel and for sanctions based on Defendant's purported failure to comply with the Court's order to allow a site inspection, and denied in part and granted in part Defendant's motion to compel and for sanctions. ECF 127. Judge Russo denied Plaintiff's motions, finding that Defendant's had produced responsive documents and had not improperly delayed scheduled the site inspection ordered by the Court. In resolving Defendant's motion, she concluded that the discovery requests by Defendant properly sought information relating to Plaintiff's employment history with Target, the contact information for

PAGE 1 – ORDER

his medical providers, and information related to his identity, because there is some question as to whether "Zack Jones" is his legal name and the real party in interest. Judge Russo also concluded that Plaintiff must comply with Defendant's deposition subpoena. Judge Russo cautioned that she may impose sanctions on Plaintiff for continued failure to comply with his discovery obligations.

Plaintiff objects to this discovery order by Judge Russo. Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a nondispositive matter, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

This means a court reviews a magistrate judge's factual findings in such an order for clear error but legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021).

Plaintiff objects that Judge Russo improperly limited this Court's order allowing the site inspection of the "dummy" camera in the break room where the alleged assault occurred to only

an external visual inspection. The Court finds that Judge Russo's Order is confusing on this point. Judge Russo states that Plaintiff is permitted to "to inspect the *functionality* of the 'dummy' camera dome." ECF 127 at 17 (emphasis added). She then states, however, that the site inspection must be conducted by Plaintiff personally and not a third party, and that it will be terminated if Plaintiff attempts to manipulate the "dummy" camera dome. *Id.* at 19. It is unclear how Plaintiff can evaluate the functionality of the camera, i.e., whether the camera is a "dummy" camera or a working camera, if all he can do is look at it from the outside. The purpose of the site inspection is so that Plaintiff can confirm Target's representation that the camera is an unworking camera. The Court understands the concern Target may have of allowing Plaintiff personally to touch its equipment. Thus, a representative of Target must be available to remove the exterior cover of the dome or otherwise manipulate the dome so that Plaintiff can see if there is wiring or some other indication that the camera is live and not a "dummy." Plaintiff also is permitted to have another person with him who has electronic expertise and could recognize a live versus a "dummy" camera connection. As ordered by Judge Russo, Plaintiff may not, however, send a third party in his place. Except as clarified herein, the Court overrules Plaintiff's objection to this portion of the Judge Russo's order.

Plaintiff also objects that Judge Russo did not properly consider his legitimate medical needs in failing to excuse him from an in-person deposition in Portland. Judge Russo, however, specifically discussed how Plaintiff failed to provide any *evidence* to support this contention, and Plaintiff does not provide any evidence with his objection. The Court rejects this objection.

Plaintiff next objects that Judge Russo did not properly evaluate Plaintiff's discovery requests and Defendant's production and other responses. The Court finds no error in Judge Russo's consideration and overrules this objection.

PAGE 3 – ORDER

Finally, Plaintiff objects that Judge Russo is biased. This is in essence seeking to reverse Judge Russo's order on the same grounds as one would evaluate a motion to recuse or disqualify a judge. Plaintiff, however, bases this objection on Judge Russo's rulings in this case. The Ninth Circuit has explained in the context of recusal that any alleged personal bias or prejudice of a judge must result from an extrajudicial source, not from any prior adverse ruling by that judge. According to the Ninth Circuit:

> The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. The alleged prejudice must result from an extrajudicial source; *a judge's prior adverse ruling is not sufficient cause for recusal*.

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (emphasis added) (quotation marks and citations omitted); *see also United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) ("In general, the conscientious judge should also bear in mind that § 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial."); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." (citation omitted)). Indeed, as stated by the Supreme Court, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Litekey v. United States*, 510 U.S. 540, 555 (1994). Further, "[a] judge's views on legal issues may not serve as the basis for motions to disqualify." *United States v. Conforte*, 624 F.2d 869, 882 (9th Cir. 1980). The Court, therefore, overrules this objection.

The Court has considered Plaintiff's objections and does not find that Judge Russo's Order is clearly erroneous or contrary to law, as clarified herein. The Court OVERRULES Plaintiff's objections, (ECF 128) to Judge Russo's Order (ECF 127), denying Plaintiff's motion

to compel (ECF 113), motion to compel and for sanctions (ECF 119), and granting in part and denying in part Defendant's motion to compel and for sanctions (ECF 115).

**IT IS SO ORDERED.**

DATED this 5th day of February, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge