IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZACK JONES,

        Plaintiff,

    v.

TARGET CORPORATION,

        Defendant.

Case No. 3:23-cv-1301-JR

ORDER

**Michael H. Simon, District Judge.**

Zack Jones, representing himself, brings this case against his former employer Target Corporation, alleging state law claims arising from an alleged incident of sexual harassment in the break room at a Target store. On June 18, 2025, United States Magistrate Judge Jolie A. Russo granted in part Plaintiff's second motion for a protective order and denied Plaintiff's motion to reopen limited discovery and modify inspection protocol. ECF 167. Judge Russo required Plaintiff to appear for an in person, videotaped deposition instead of allowing a remote deposition, but delayed the deposition until November 1, 2025. Judge Russo required Plaintiff to supplement his discovery responses by June 25, 2025, and required Defendant to provide a list of Target employees who appeared on surveillance video to Plaintiff, also by June 25, 2025. *Id.*

Plaintiff objects to this discovery order by Judge Russo. Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that

PAGE 1 – ORDER

are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a non-dispositive matter, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Thus, a district judge reviews a magistrate judge's factual findings in such an order for clear error but legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021).

Plaintiff objects that Judge Russo improperly rejected Plaintiff's request to have his deposition taken remotely. Plaintiff argues that his credibility can be assessed during a remote deposition and contends that his health requires travel limitations. For the reasons explained in Target's response to Plaintiff's objections and by Judge Russo during the discovery hearing, the Court finds that Judge Russo adequately considered Plaintiff's evidence of his health issues and sufficiently accommodated those issues by delaying his deposition until November 1, 2025.

Plaintiff also objects that Judge Russo improperly denied Plaintiff the ability to inspect Defendant's server retention logs for May 26, 2023, the asset personnel server room, and any migration or replacement records for the breakroom camera between 2023-25. Plaintiff,

PAGE 2 – ORDER

however, did not request the latter two items in his motion. He requested only that he be permitted to inspect the inside of the "dummy camera," which he already was permitted to do, *see* ECF 108 at 7, 133 at 3, and that he be able to review and duplicate the "DVR/NVR logs and storage directories for the two-hour incident window." ECF 159 at 4.[1] The Court therefore overrules Plaintiff's objections about inspecting the asset personnel server room and the migration or replacement records.

Regarding the retention logs, the Court finds no error in Judge Russo's denial of this discovery. There is no indication currently that this evidence is relevant. An asset protection employee has stated that the camera is and always has been nonfunctioning. If, after Plaintiff's inspection of the "dummy camera" in the breakroom, Plaintiff has any basis to believe the camera is or was functioning at the relevant times, he may renew his motion.

The Court has considered Plaintiff's objections and does not find that Judge Russo's Order is clearly erroneous or contrary to law. The Court OVERRULES Plaintiff's objections, (ECF 170) to Judge Russo's Order (ECF 167), denying Plaintiff's Motion to Reopen Limited Discovery and Modify Inspection Protocol (ECF 159), and granting in part Plaintiff's Second Motion for Protective Order (ECF 158).

**IT IS SO ORDERED.**

DATED this 18th day of July, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Judge Russo explained at the discovery hearing that Plaintiff will be able to inspect the inside of the "dummy camera." *See* ECF 173 at 46-47.

PAGE 3 – ORDER