IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ZACK JONES**,

      Plaintiff,

      v.

**TARGET CORPORATION**,

      Defendant.

Case No. 3:23-cv-1301-JR

**ORDER**

**Michael H. Simon, District Judge.**

      Zack Jones, representing himself, brings this case against his former employer Target Corporation ("Target"), alleging state law claims arising from an alleged incident of sexual harassment in the break room at a Target store. On August 11, 2025, United States Magistrate Judge Jolie A. Russo denied Plaintiff's motion requesting that his deposition be a remote video deposition as an accommodation under Title II of the Americans with Disabilities Act ("ADA") and as permitted under Rule 30(b)(4) of the Federal Rules of Civil Procedure. ECF 186. Judge Russo denied the motion because: (1) Plaintiff failed properly to confer as required under Local Rule 7-1(a)(1); (2) Judge Russo repeatedly had denied Plaintiff's request for a remote video deposition and his current motion provided no new reason to grant his request; and (3) as a retail store, Target is not subject to Title II of the ADA.

PAGE 1 – ORDER

Plaintiff objects to this discovery order by Judge Russo. Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's determination of a non-dispositive matter, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Thus, a district judge reviews a magistrate judge's factual findings in such an order for clear error but legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021).

Plaintiff objects that Judge Russo clearly erred in concluding that Plaintiff failed to confer because the record showed multiple emails and because conferral would be futile given Defendants repeated refusals to agree to a remote deposition. As pointed out by Target, email conferral does not comply with the Local Rules. And although Plaintiff may have believed conferral would be pointless, given that he has failed meaningfully to confer, it might be beneficial for him to attempt conferral as required under the rules—by telephone or in person. The Court overrules this objection.

PAGE 2 – ORDER

Plaintiff also objects that Judge Russo clearly erred in stating that his motion did not raise a new basis because he submitted a "updated" medical letter from May 1, 2025, stating that he could not travel until October 31, 2025, and raised Title II. That medical letter, however, was submitted to Judge Russo on May 28, 2025. *See* ECF 158-1. She incorporated that letter in her Order dated June 18, 2025, and delayed Plaintiff's deposition until November 1, 2025. ECF 167. Thus, Plaintiff's motion of July 24, 2025, did not raise any new factual information in support of his remote deposition, and Judge Russo separately addressed his new legal argument under Title II. The Court rejects this objection.

Plaintiff additionally objects that Judge Russo misapplied the law by considering whether Title II was applicable to Target when Plaintiff was arguing that Title II applies to the *Court* and that the Court must accommodate Plaintiff by ordering a remote deposition. Plaintiff cites cases discussing the applicability of Title II to *state* courthouses. Title II only applies to "public entities." Public entities are defined in the statute as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). The U.S. District Court for the District of Oregon "is a *federal* courthouse, not an instrumentality of a *State or local* government as required to be a 'public entity' under Title II." *See Weber v. Eash*, 2015 WL 9166084, at *2 (E.D. Wash. Dec. 15, 2015) (emphasis in original) (rejecting Title II claim asserted against federal court). The Court overrules this objection.

Finally, Plaintiff objects that Rule 30(b)(4) provides an independent basis to grant his motion for a remote deposition. As Judge Russo noted, however, she repeatedly has denied his requests for a remote deposition and he provided no new basis for granting his request. Thus,

PAGE 3 – ORDER

although remote depositions may be approved, he has not demonstrated, under the circumstances of this case, that a remote deposition is warranted. This Court has overruled his objections to Judge Russo's conclusion and has denied his requests for interlocutory appeal.

The Court has considered Plaintiff's objections and does not find that Judge Russo's Order is clearly erroneous or contrary to law. The Court OVERRULES Plaintiff's objections, (ECF 187) to Judge Russo's Order (ECF 186), denying Plaintiff's Expanded Motion for Reasonable Accommodation Under Title II of the ADA and Federal Rule of Civil Procedure 30(b)(4) (ECF 180).

**IT IS SO ORDERED.**

DATED this 30th day of September, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER